In the Matter of the Application and Petition of J. EDWARD SIM-
MONS and Others, Constituting the Board of Water Supply of the
City of New York, to Acquire Real Estate for and on Behalf of
the City of New York under Chapter 724 of the Laws of 1905,
and the Acts Amendatory Thereof, in the City of Yonkers,
Westchester County, New York, for the Purpose of Providing
an Additional Supply of Pure and Wholesome Water for The
City of New York, Appellant. (Hill View Reservoir, Section
No. 1.)

GEORGE N. RIGBY and Others, Commissioners of Appraisal, and
DAVID H. KING, Respondents.

Second Department, October 7, 1910.

Eminent domain — condemnation of lands for municipal water supply —
section 14 of chapter 724, Laws of 1905, construed — time limit for
filing of report directory only — power of court to remove commis-
sioners for unfitness — facts not calling for removal of commissioners.

Section 14 of the act authorizing the condemnation of lands for the purpose of
additional water supply to the city of New York (Laws of 1905, chap. 724),
providing that the report of the commissioners shall be filed not more than one
year after the filing of their oaths and that the court may extend that time for
a period not exceeding eight months, is directory, not mandatory. Commission-
ers will not be removed for a failure to file the report within one year, even
though there has been no extension of time by the court.

Moreover, the statutory limit of time within which the commissioners are directed
to file a report may be waived by parties to the proceeding, as where after the
time set has expired they voluntarily appear before the commissioners without
objection and examine and cross examine witnesses.

While the court is authorized to remove commissioners for unfitness not neces-
sarily involving moral turpitude. it will not remove commissioners for an hon-
est error of judgment in the admission of evidence or for the adoption of an
erroneous theory of appraisal.

The court on an application for the removal of commissioners of appraisal will
not determine the propriety of their rulings on matters of evidence, or whether
certain allowances should have been made in their appraisal.

Although commissioners of appraisal have held many unnecessary hearings and
taken an unreasonable length of time in filing their report, they will not be
removed from office for unfitness where their work is practically over and they
are ready to report. But, it seems, the unreasonable delay and unnecessary
hearings may be taken into consideration in fixing their compensation and the
compensation of the claimant's witnesses.

APPEAL by The City of New York from an order of the Supreme Court, made at the Westchester Special Term and entered in the office of the clerk of the county of Westchester on the 10th day of June, 1910, denying the appellant's application for the removal of the commissioners of appraisal herein.

*William McM. Speer* [*Archibald R. Watson* with him on the brief], for the appellant.

*Henry R. Barrett*, for the commissioners, respondents.

*Joseph A. Flannery* and *Benjamin Trapnell*, for the respondent David H. King.

Order affirmed, with ten dollars costs and disbursements, on the opinion of Mr. Justice TOMPKINS at Special Term.

WOODWARD, THOMAS, RICH and CARR, JJ., concurred; JENKS, J., not voting.

The following is the opinion delivered at Special Term:

TOMPKINS, J.:

Application is made to the court for the removal of the commissioners of appraisal in the above-entitled proceedings, known as Hill View Reservoir, Section No. 1. The grounds of the application are:

*First.* That the commissioners have not filed their report within one year and eight months from the filing of their oaths of office, and that the time within which to complete their work has at no time been extended.

*Second.* That by refusing to follow the opinions of the court, and the legal rules and principles applicable to this proceeding, they have held and are holding unnecessary sessions and delaying the final determination of these proceedings to the great and unnecessary damage and expense to the city of New York and the claimants herein.

*Third.* That their actions, decisions and attitude with reference to the claims represented by Joseph A. Flannery, Esq., as attorney, are unfair, partial and prejudicial to the city of New York and other claimants herein.

*Fourth.* That said commissioners have refused to obey the instructions of the court, and exhibit in their conduct, speech and proceedings a reckless disregard and contempt for said court.

Section 14 of chapter 724 of the Laws of 1905, which is the act under which these proceedings were taken, provides as follows: "Said report signed by said commissioners or a majority of them, shall be filed not more than one year after the date of the filing of the oaths of the commissioners in the office of a clerk of a county in which the real estate sought to be acquired may be situated and in case a part of the real estate is in another county a duplicate report or certified copy shall be filed in the office of the clerk of such other county, provided, however, that the Supreme Court, upon application and good reasons shown therefor, may extend the time for the filing of said report beyond one year for a period not exceeding eight months."

Section 19 of the same act should be read in connection with section 14, and it provides as follows: "Every owner or person in any way interested in any real estate taken or entered upon and used and occupied for the purposes contemplated by this act and any owner or person interested in real estate contiguous thereto and which may be affected by the construction and maintenance of said aqueducts, dams, reservoirs, sluices, canals, culverts, pumping works, bridges, tunnels, blow-offs, ventilating shafts and appurtenances, whether such contiguous real estate is shown on the maps or not, if he intends to make claim for compensation for such taking, entering upon, using or occupying, shall within three years after the appointment of the commissioners of appraisal, exhibit to the said commissioners a statement of his claim, and shall thereupon be entitled to offer testimony and to be heard before them touching such claim and the compensation proper to be made him, and to have a determination made by such commissioners of appraisal as to the amount of such compensation. Every person neglecting or refusing to present such claim, within said time, shall be deemed to have surrendered his title or interest in such real estate, or his claims for damages thereto, except so far as he may be entitled as such owner or person interested to the whole or a part of the sum of money awarded by the commissioners of appraisal as a just and equitable compensation for taking, using and occupying, or as

damages for affecting the real estate owned by said person, or in which said person is interested."

These commissioners were appointed on May 4, 1907, and took and filed their oaths of office on the 20th day of May, 1907, and immediately thereafter began their work. There were fifty-six parcels of land included in this proceeding, and the commissioners from time to time filed three separate reports, including about forty of the said fifty-six parcels, and after making their third separate report, took up parcels known on this motion as Nos. 1 and 3, which, however, appeared on the map as one parcel. The commissioners tried these two parcels on the theory that there were sixteen separate lots or plots in parcel No. 1, and forty-one separate lots or plots in parcel No. 3, and made awards upon such lands known as parcels Nos. 1 and 3, by a report which was set aside by this court by an order dated January 18, 1909, upon the ground that the commissioners had adopted an erroneous theory in receiving evidence and making their awards upon a lot basis instead of upon the tracts as a whole. They then proceeded with parcel No. 5 on said map, and allowed that to be divided into one hundred and twenty-seven lots, and took testimony separately on each of said lots and made an award, which was also set aside on the ground that the property was not immediately available and marketable as building lots, and that the commissioners had adopted a wrong theory. They then proceeded with the tract of land described upon said map as parcel No. 4, belonging to King, and consisting of fifty odd acres.

This property has been on trial now since June, 1909, and practically all of the meetings held by the commissioners since then have been devoted to the hearing of testimony relating to this property, which, for the purposes of the trial before the commissioners, was divided into 1,100 twenty-five foot lots or separate parcels. About sixty-five sessions have been held by the commissioners upon this one tract alone, and about 4,000 printed pages of testimony taken; six witnesses called by the claimants were permitted to testify day after day in reference to each one of the so-called 1,100 lots into which this tract has been divided by a map prepared for the owner.

On the hearing of this motion it was conceded that the hearings upon this property were practically closed, and that only one or possibly two more hearings would be necessary before the commis-

sioners would be prepared to make and file their report thereon. The remaining twelve parcels upon the map in this proceeding, which have not been tried, are small parcels and of little value. In one of them the owner cannot be found, some are old roadways, so that the work of this commission will be practically over if it makes a report upon parcel No. 4.

As to the first ground upon which the removal of these commissioners is asked, it is my opinion that the provision of section 14 hereinbefore quoted, which limits the time within which commissioners shall make final report of their proceedings, is directory rather than mandatory. Such an intention made by the Legislature seems to me apparent, from the provisions of section 19 of the same act, which gives property owners and claimants three years within which to present their claims to the commissioners. However, the statutory limitation upon the time of the commissioners can undoubtedly be waived by the parties to the proceedings, and in this case it appears that the petitioners represented by the corporation counsel and the owner of parcel No. 4, which is the one parcel that has been before the commissioners during the last year, have voluntarily appeared before the commissioners from time to time and produced, examined and cross-examined witnesses, and generally acquiesced and taken part in the proceedings, and consented to the hearings being held down to the time that the order to show cause was procured on this motion.

It is my opinion that all who have thus voluntarily appeared before the commissioners, and taken part in the proceedings, including the corporation counsel, must be deemed to have waived the statutory provision as to time.

The second question is whether these commissioners should be removed on the ground that they are unfit to serve as commissioners. The statute (§ 23) says: "And the said court may at any time remove any of said commissioners of appraisal who in its judgment shall be incapable of serving, or who shall for any reason in its judgment be an unfit person to serve as such commissioner. The cause of such removal shall be specified in the order making the same." Under this provision of the statute the court undoubtedly has power to remove any commissioner who in its judgment is unfit for any reason to longer serve as a commissioner, and it is not neces-

sary that it should be proven that the commissioner has acted in bad faith, or been prompted by a dishonest motive. Unfitness may exist from a variety of causes not necessarily involving moral turpitude, and still facts must be shown from which the court in the exercise of its judgment can clearly determine that the commissioner is for one reason or another, or for several reasons, unfit to serve.

The reasons given by the petitioner for the charge of unfitness, briefly stated, are these : That they have willfully disregarded the decisions of the court in reference to parcels Nos. 1, 3 and 5 ; that they have been grossly dilatory in the proceedings respecting parcel No. 4, and have held an unnecessary number of unreasonably short sessions respecting parcel No. 4, and have exhibited unfair partiality to Joseph A. Flannery, the attorney for parcel No. 4.

The claim is made on behalf of the commissioners, and it is not denied, that all of the claimant's testimony relating to parcel No. 5 had been taken before the court's decision was rendered setting aside the report as to parcels Nos. 1 and 3, and that three witnesses for the claimants had been fully examined in chief, and one partially examined respecting parcel No. 4 before the court's decision setting aside the report of the commissioners as to parcel No. 5 was handed down. And the further claim is made on the part of these commissioners that the property included in parcel No. 5 was of a different character from that included in parcels Nos. 1 and 3, and that parcel No. 4 which is now on trial differs in some respects from parcels Nos. 1, 3 and 5, and that they would have been justified, even had the court's decisions been before them, when they began the trial of parcel No. 4, in disregarding those decisions, as inapplicable to parcel No. 4. These are all matters more or less for the judgment and discretion of the commissioners, and the court can hardly say before the coming in of the report of the commissioners upon parcel No. 4 whether the rules of law laid down by the court for parcels Nos. 1, 3 and 5 ought to be made to apply to parcel No. 4 or not. And it seems to me that the court should not on this motion determine the propriety of the rulings of the commissioners as to the evidence respecting parcel No. 4, or determine whether allowance should be made by the commissioners for lot values, or for the fifty odd acres in tract No. 4 as one parcel.

These are primarily questions for the commissioners, subject to review by the court, on the coming in of the commissioners' report, and the court should not prejudge the rights of the owners, or usurp the functions of the commissioners. Of course, if it appeared that the commissioners had acted in bad faith, or were prompted by dishonest or improper motives, the court would not hesitate to remove them, but the facts before me on this motion do not justify a finding of bad faith or improper motives on the part of the commissioners in respect to their rulings upon the admission of evidence or the adoption of a theory for the determination of the claimants' damages. In other words, for an honest error of judgment in the admission of evidence or the adoption of an erroneous theory, they should not be removed from office. And these are all matters that may be considered by the court upon the coming in of their report. If they have adopted a wrong theory, or admitted improper and prejudicial evidence, the city will have its remedy in this court when the report of the commissioners comes before it.

The time consumed by these commissioners in hearing this testimony relating to parcel No. 4 is a matter to be considered on the question of their compensation; that there have been many unnecessary hearings, and that they have been unreasonably brief, and that the proceeding has dragged out over an unnecessary and unreasonable length of time is very apparent to me. That sixty-five hearings on as many days should be devoted to this one parcel No. 4, consisting of a tract of fifty odd acres of land, is simply preposterous. Even though the commissioners were justified in allowing the claimants to prove the value of each of the 1,100 twenty-five foot lots, it could have been done in a day or two, or four or five days at the longest. Instead of that, each of the five or six witnesses for the claimants was permitted to take up and describe and compare with other lots, and fix a separate value upon each one of the 1,100 lots. The proper way of proving the value of the twenty-five foot lots, if it was desirable to show the value of each, was to fix the value of each on so many lots; that is to say, that 100 lots were worth so much each, and 200 lots were worth so much each, and so on, instead of taking up and considering and describing each lot separately and comparing it with other lots.

All of the testimony for the claimants and the city respecting this

parcel No. 4 could have been put in in five days at the longest, instead of sixty-five, and this is a matter that should have serious consideration when these commissioners come before the court for the fixing of their compensation; but it does not seem to me sufficient to justify a finding by the court that they are unfit to longer serve and their removal from office, especially in view of the fact that their work is practically over, and that they are about ready to make a report. These unreasonable delays and unnecessary sessions are also matters to be taken into consideration by the court in fixing the compensation to be allowed the claimants' witnesses.

I do not find that the charge against the commissioners that they have been partial to Mr. Flannery, the claimants' attorney, and unfair and prejudicial to the city, is sustained by the proofs before me. They have undoubtedly given Mr. Flannery every opportunity to try his case in his own way, and according to his theory of the manner in which it should be presented and decided, but the facts would not justify me in deciding that they had been intentionally and willfully unfair to the corporation counsel, or unduly partial in their treatment of Mr. Flannery. So much time has been consumed by these commissioners, and so little of its work remains to be done, that it would be much more costly to the city to take these proceedings *de novo* before a new commission. Besides, it might work an injustice and hardship to the owner of parcel No. 4 should he be required to try his case all over again.

Upon all of the facts before me my conclusions are:

*First.* That the commissioners should not be removed on the ground that they are unfit to serve as such commissioners.

*Second.* That as to parcel No. 4, in which both parties have voluntarily appeared and given testimony, the court should not remove the commissioners because of the lapse of more than one year and eight months since the filing of their oaths of office. As to the power and duty of the court respecting the parcels concerning which no proceedings have been had since the expiration of the one year and eight months period, I will hear counsel upon the settlement of the order to be made hereon, at which time I will also determine within what limit of time the present commission shall conclude its work.